# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                             Telephone: (212) 317-1200
New York, New York 10165                              Facsimile: (212) 317-1620

_____

June 6, 2022

**VIA ECF**
Hon. James L. Cott
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

                 Re:      Ramirez v. N&M Food Wholesale Supply Inc., et al.
                            Docket No.: 1:20-cv-09557-LTS-JLC

Your Honor:

     This office represents Plaintiffs in the above referenced matter. The parties have agreed to a settlement ("Agreement"). A copy of the Agreement is attached hereto as Exhibit A.

     We respectfully request that the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

     It is also respectfully requested that this Court retain jurisdiction for the purposes of enforcement, and that any dismissal with prejudice incorporate specific language that the Court retains jurisdiction over the settlement for purposes of enforcement.

     "To retain ancillary jurisdiction to enforce a settlement agreement, "a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." Thurston v FlyFit Holdings, LLC, 2020 US Dist LEXIS 98523, at *5 [SDNY June 3, 2020].

## I. BACKGROUND

     Plaintiff alleged that Defendants owned, operated, or controlled a food wholesale supply company under the name "N&M Food Wholesale Supply Inc.", located at 604 W 47th Street, New York, New York 10036

     Plaintiff was employed by Defendants as a butcher, a custodian, a repair worker and a delivery worker from approximately 2007 until on or about September 28, 2020.

     Plaintiff allegedly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, spread of hours, and overtime compensation for the hours worked.

As a consequence of Plaintiff's allegations, Plaintiff filed his Complaint against Defendants alleging claims for unpaid overtime wages, spread of hours pay, liquidated damages, interest, attorney's fees, and costs pursuant to The Fair Labor Standards Act of 1938, 29 U.S.C. 201 et seq., the New York Minimum Wage Act, N.Y. Lab. Law 650 et seq. Additionally, Plaintiff alleged that he was not provided with an accurate or lawful annual wage notices required by NYLL §195(1). Defendants also did not provide the Plaintiff with accurate and lawful wage statements together with each payment of wages (i.e. pay stubs), as is required by NYLL §195(3). Plaintiff is entitled to a three-year limitations period under the FLSA and a six-year limitations period under the NYLL. 29 U.S.C. § 255(a); N.Y. Lab. Law §§ 198(3), 663(3). (See generally ECF No. 1.).

During the course of the negotiations, Defendants demonstrated to Plaintiff their inability to pay a large settlement. Because of existing financial difficulties that were further compounded by the COVID-19 pandemic, Defendants' business has been drastically affected. This has resulted in unprecedented lost revenue, decreased sales and an overall strain on the business. After our second mediation session that was held on May 9, 2022, Defendants agreed to resolve the matter for business related reasons, not because they felt they were in violation of the FLSA or NYLL, but because continued litigation was not feasible considering their financial state.

## II. SETTLEMENT TERMS

Plaintiffs initially alleged that they would be entitled to a total award of approximately $446,856.60 as best case scenario during the period of time covered by the FLSA and New York Labor Law. See 29 U.S. Code § 255 (two year statute of limitations for FLSA; three if willful violation); N.Y. Lab. Law § 198 (six year statute of limitations). In response, Defendants raised a number of arguments and defenses against liability and damages. Defendants disputed the pay rate and number of hours and weeks that Plaintiff worked. Most importantly for Plaintiff, Defendants showed that they are under significant financial burdens. The COVID19 pandemic further compounded an already difficult financial situation for Defendants. The delay that Plaintiff is likely to experience in obtaining a judgment also work against the likelihood that they will collect on a judgment in their favor.

Thus, in order to avoid the legal and factual risks of protracted litigation and trial and the risk that they could not collect a judgment, the parties have agreed to an early settlement of the action for the sum of $60,000 (Sixty Thousand Dollars). This settlement is the result of arm's length negotiations that took place during the Court's mediation program. Both sides were represented by sophisticated counsel with extensive experience in wage-and-hour litigation.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (quoting Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (quoting Le v. SITA Info.

Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v Scholastic Inc., 900 F Supp 2d 332, 335 [SDNY 2012] (quoting Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Information Networking Computing USA, Inc., No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also Kopera v. Home Depot U.S.A., Inc., No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

In light of the contested factual and legal disputes, Plaintiffs believe the settlement is reasonable because of the risk that they may not prevail on all of their claims.

### III. ATTORNEYS' FEES

Plaintiff's counsel will receive $19,800.00 to compensate for attorney's fees, which constitutes one-third of the settlement amount, and costs of $675.00

In Alvarez v Sterling Portfolio Inv. L.P, the Court ruled that a one-third attorney fee is typical with no requirement for a lodestar cross check. Alvarez v Sterling Portfolio Inv. L.P., 2017 US Dist LEXIS 206043, at *16 [EDNY Dec. 13, 2017]); See also Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al., Defendants., No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted). Accordingly, here, Plaintiff's counsel respectfully requests Your Honor approve a one-third contingency fee plus costs.

It may be noted, Plaintiff's counsel's lodestar in this case is $11,837.50. A copy of Plaintiff's counsel's contemporaneous billing records is attached hereto as Exhibit B. The amount provided by Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in this Circuit. See Pinzon v. Jony Food Corp., No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting Hyun v. Ippudo USA Holdings et al., No. 14-CV-8706 (AJN), 2016

U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; Shapiro v. JPMorgan Chase & Co., No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014)  ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); see also Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. See Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; see also McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, all parties to this settlement have already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

  a. Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, and was in practice from 1983 to November 5, 2021[1]. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work was billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. See, e.g., Manley v. Midan Rest. Inc., No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

  b. Clifford Tucker was an associate at Michael Faillace & Associates P.C. and is requesting an hourly rate of $350.00. Attorney Clifford Tucker developed a background in representing plaintiffs in personal injury and civil rights actions as an associate at: The Law Office of Richard Kenny, Bryan D. Fisher, LLC ("Fisher Injury Lawyers"), and Burns & Harris. He has managed a case load of over 100 actions from intake to verdict. He was selected to the Super Lawyers 2016 New York Metro Rising Stars list. He has taught Continuing Legal Education classes on case preparation, investigation, and discovery and assisted

---

[1] No funds will be distributed to Mr. Faillace unless an application is made to the Court on his behalf, and order is entered to that effect.

  in teaching courses on obtaining settlement offers in personal injury actions, representing plaintiffs in motor vehicle cases, and selecting a jury in personal injury cases. He has also lectured to Veterans at the James J Peters VA Medical Center and at the Task Force of Social Workers of African Descent. Attorney Clifford Tucker graduated cum laude and with honors from Brooklyn Law School in 2013, where he was a member of the Moto Court Honor Society, Trial Division, and received the following awards: Richardson Scholarship, Academic Achievement Scholarship, Centennial Grant, Ellen Taubenblatt Harmon and Mark A. Harmon Award for Integrity and Ethics. He is licensed to practice in the Southern and Eastern District of New York, the Second Circuit Court of Appeals, and in New York and New Jersey State Courts. The hourly rate compares favorably with rates that courts have approved for associates of comparable experience levels. See, e.g., Manley, supra, Doc. No. 42, at *33, 37; Najera v 144 Ninth Gotham Pizza, Inc., 2017 US Dist LEXIS 26393, at *4 [SDNY Feb. 24, 2017, No. 12cv3133 (DLC)] (awarding $375 to senior associate Jesse Barton); Calle v NDG Coffee Shop, Inc., 2018 US Dist LEXIS 62979, at *4-5 [SDNY Apr. 12, 2018, No. 16-cv-7702 (RJS)] (Court held that the following rates are reasonable: $450 for Michael Faillace, an attorney with twenty-five years of experience in wage and hour litigation; $375.00 for Colin Mulholland, an attorney with five years of experience in civil litigation, including wage and hour case, and $375.00 for Jesse Barton, an attorney with five years of experience in wage and hour litigation) Mr. Tucker's billing entries are denoted by "RA."

c. James McCartney was an associate at Michael Faillace & Associates, P.C. He is requesting an hourly rate of $450.00. Mr. McCartney has litigated labor and employment cases over the course of his 30-year career in the federal and local courts of New York, New Jersey and Puerto Rico. He graduated *cum* laude from the Widener University School of Law in Wilmington, DE in 1990. Mr. McCartney has tried dozens of cases, including labor an employment matters, to juries in each of the jurisdictions where he has practiced. His billing entries are denoted by "JM."

d. Bryan D. Robinson is an associate at CSM Legal, P.C., formerly known as Michael Faillace & Associates. Attorney Bryan D. Robinson developed a background in representing plaintiffs in civil litigation cases and also defendants in criminal cases at the Gracia Law Firm in Brownsville, Texas. Subsequently, attorney Bryan D. Robinson vigorously advocated for his clients in matters pertaining to Family Law at The King Law Firm in New York City. He has managed a case load of over 90 actions from intake to verdict. He graduated from Maurice A. Deane School of Law at Hofstra University in 2018, where he represented immigrants against the threat of deportation through a student practice order as member of the Hofstra Law Deportation Defense Clinic. Mr. Robinson also attended Escuela Libre de Derecho in Mexico City, Mexico, where he obtained a diploma in Corporate Law. His ability to speak and write in the Spanish language has facilitated interaction with plaintiffs who

only speak Spanish. Furthermore, this ability coupled with Mr. Robinson's legal background has granted him the opportunity to serve as an advisor to politicians both in Mexico, and in the United States. He is licensed to practice law in the Southern and Eastern District of New York, the Southern District of Texas, and in New York and Texas State Courts. He is requesting an hourly rate of $300.00. Mr. Robinson's billing entries are denoted by "BR."

e. Paralegals at CSM Legal, P.C. bill at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Cortes v. New Creators, Inc., 2016 U.S. Dist. LEXIS 79757, *19-20 (S.D.N.Y. June 20, 2016); see also Guallpa v. NY Pro Signs Inc., 2014 U.S. Dist. LEXIS 77033, *29 (S.D.N.Y. May 27, 2014).

## IV. CONCLUSION

In full consideration of the issues presented in both Cheeks and Wolinsky, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved and the case dismissed with prejudice. A stipulation of Final Dismissal will be filed for so-ordering upon receipt of confirmation from the Court that the settlement has been approved.

We thank the Court for the time and attention devoted to this matter.

Respectfully submitted,

By: /s/ Bryan D. Robinson
Bryan D. Robinson, Esq.
CSM Legal, P.C.
*Attorneys for Plaintiff*