USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/8/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ENRIQUE RAMIREZ,

            Plaintiff,

   -v-

N&M FOOD WHOLESALE SUPPLY INC., *et al.*,

            Defendants.

------------------------------------------------------------X

**ORDER APPROVING SETTLEMENT**

20-CV-9557 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 64), and they have submitted a joint letter (Dkt. No. 67) and a fully executed settlement agreement (Dkt. No. 67-1) for my review and approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).[1] Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, given Defendants' apparent financial situation as a result of the COVID-19 pandemic, the

---

[1] While there is a single plaintiff in this case, Enrique Ramirez, the joint letter at pages 1-3, and the settlement agreement in a Whereas clause as well as in paragraphs 1, 2, 4, 5, and 9 refer to "plaintiffs" in the plural. For avoidance of doubt, the Court is approving the settlement here as a single-plaintiff case. The Court assumes the parties simply failed to proofread their submissions to correct these errors.

1

"potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).

Having carefully reviewed the joint letter as well as the proposed settlement agreement, and given that the parties participated in a court-ordered mediation earlier this year (as well as an earlier mediation and a settlement conference with the undersigned), the Court finds that all of the terms of the proposed settlement (including the limited release and the allocation of attorneys' fees and costs as one-third of the settlement amount) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) and other applicable case law).[2]

Accordingly, the proposed settlement is hereby approved. As requested by the parties in the joint letter (at page 1), the Court will retain jurisdiction over this case (and will reopen it, if necessary) for the sole purpose of enforcing the parties' settlement agreement.

---

[2] The Court's approval of the allocation of attorney's fees should not be construed as an approval of the hourly rate of any of plaintiff's various counsel. The approval is also contingent – as is represented in the joint letter – that attorney Michael Faillace, who is currently suspended from practice in this District, will receive no proceeds as part of this settlement. Additionally, approval of the settlement agreement should not be deemed an approval of the tax allocations to which the parties have agreed in paragraph 1, about which the Court takes no position.

The Clerk is respectfully directed to close this case.[3]

**SO ORDERED.**

Dated: June 8, 2022
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[3] The parties are free to submit a stipulation of final dismissal in due course.